# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | | |
|---|---|---|
| **MICHAEL WHITE,** | :: | **MOTION TO VACATE** |
| **Movant,** | :: | **28 U.S.C. § 2255** |
| | :: | |
| **v.** | :: | **CRIMINAL ACTION NO.** |
| | :: | **3:06-CR-003-TCB-AJB-1** |
| **UNITED STATES OF AMERICA,** | :: | |
| **Respondent.** | :: | **CIVIL ACTION NO.** |
| | :: | **3:11-CV-59-TCB-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant is confined at the federal prison camp in Ashland, Kentucky. Movant, pro se, filed a motion under 28 U.S.C. § 2255 challenging his convictions and sentence in this case. [Doc. 258.][1] Respondent filed a brief contending that the motion is untimely, [Doc. 260], and Movant filed a reply, [Doc. 261]. The Court appointed counsel for Movant.

On June 15, 2012, the Court held an evidentiary hearing. [Doc. 287.] The parties filed post-hearing briefs. [Docs. 295, 297.] Respondent has conceded the following issues: (1) Movant has shown that the one-year time period to file his § 2255 motion was equitably tolled; and (2) Movant must be resentenced because the general

---

[1]     Unless otherwise indicated, all citations to the record refer to case number 3:06-cr-3-TCB-AJB.

sentence imposed in this case was unlawful. [Doc. 295 at 7-8, 40.] The remaining issues concern claims that Movant did not raise on direct appeal and claims of ineffective assistance of trial and appellate counsel.

For the reasons discussed below, the undersigned recommends that the Court grant the § 2255 motion only as to Movant's claim that his sentence was an unlawful general sentence and that the Court resentence Movant. The undersigned recommends that the Court deny the motion as to Movant's other claims and not issue a certificate of appealability on those claims.

## I. Background

The indictment in this case contained eleven counts. [Doc. 3.] Count One charged Movant with operating a chop shop, in violation of 18 U.S.C. § 2322.[2] [*Id.* at 1.] Counts Two, Five, and Eight charged Movant with transporting in interstate commerce motor vehicles Movant knew were stolen, in violation of 18 U.S.C. § 2312. [*Id.* at 1-4.] Counts Three, Six, and Nine charged Movant with receiving in interstate

---

[2]     A "chop shop" is any place where someone receives, conceals, destroys, disassembles, reassembles, dismantles, or stores "any passenger motor vehicle or passenger motor vehicle part which has been unlawfully obtained in order to alter, counterfeit, deface, destroy, disguise, falsify, forge, obliterate, or remove the identity . . . of such vehicle or vehicle part and to distribute, sell, or dispose of such vehicle or vehicle part" in interstate commerce. 18 U.S.C. § 2322(b).

2

commerce motor vehicles that Movant knew were stolen, in violation of 18 U.S.C. § 2313. [*Id.* at 2-5.] Counts Four and Seven charged Movant with possessing, with intent to sell, motor vehicles that Movant knew had altered or removed vehicle identification numbers ("VIN"), in violation of 18 U.S.C. § 2321. [*Id.* at 2-3.] Finally, Counts Ten and Eleven charged Movant with altering or removing VINs on two motor vehicles. [*Id.* at 5-6.] Count Eleven correctly listed 18 U.S.C. § 511 as the applicable statute, but Count Ten erroneously listed 18 U.S.C. § 2321. [*Id.*]

Attorney Sandra Louise Michaels initially represented Movant in this case. [Doc. 28.] In April 2007, the Court held a hearing on Michaels' motion to withdraw as counsel and granted the motion. [Doc. 143.] Attorney Paul M. Cognac took over the representation. [Doc. 145.] Cognac represented Movant through trial and sentencing. Attorney W. Charles Lea represented Movant on appeal.

A trial was held in February 2008, and the jury convicted Movant on all counts. [Doc. 205.] One day before sentencing in May 2008, Respondent filed a motion for an upward departure in the calculation of the imprisonment range under the U.S. Sentencing Guidelines (the "Guidelines") or, in the alternative, for a sentence above the upper end of the applicable Guidelines range. [Docs. 215, 219.] Respondent argued that Movant's criminal history category calculated under the Guidelines substantially

under-represented Movant's criminal history and criminal propensity. [Doc. 215.] Respondent sought a sentence of 120 months' imprisonment. [*Id.*] The Guidelines range as calculated in Movant's Pre-Sentence Report ("PSR") was seventy-seven to ninety-six months' imprisonment.[3]

At sentencing, the Court agreed to "consider a sentence which varies or is a variant from the Guideline range," [Doc. 231 at 33], but never formally granted Respondent's motion for an upward departure. The Court sentenced Movant to ninety-four months' imprisonment, which was within the Guidelines range. [Doc. 220.] The Court did not specify, either at sentencing or in the Judgment and Commitment Order, a sentence on any individual count of the indictment or identify any count(s) to which the ninety-four months applied. [*Id.*; Doc. 231 at 53-57.]

Movant, represented by Lea, appealed and raised the following issues: (1) the indictment was constructively amended and/or there was a material variance between the indictment and the evidence presented at trial regarding a particular VIN; (2) the Court erroneously denied a mistrial after an investigator introduced character evidence during his testimony at trial; and (3) the Court erroneously applied a three-level

---

[3] The PSR is in the record as a sealed document, [Doc. 225], and was used as an exhibit during the § 2255 hearing, [Doc. 287 at 44-45].

4

sentence enhancement under the Guidelines for Movant's role in the criminal activity.

[Doc. 253-1.]  The appellate court affirmed Movant's convictions and sentence.  [*Id.*]

In his § 2255 motion, Movant asserted the following grounds for relief:

1. Movant did not receive notice of Respondent's motion for an upward departure that was filed the day before the sentencing hearing;

2. Count One of the indictment – the chop shop offense – was duplicitous of seven other counts in the indictment – the counts regarding receiving and possessing stolen vehicles and altering VINs;

3. the evidence presented at trial was insufficient to convict Movant;

4a. Cognac rendered ineffective assistance by failing to: subpoena witnesses for trial, object to errors in the PSR regarding Movant's criminal history, object to the lack of notice of Respondent's motion for upward departure, seek credit against the prison sentence for time Movant was confined to his home before trial, and tell Respondent that Movant wanted to plead guilty to Count Ten or Eleven of the indictment;

4b. Lea rendered ineffective assistance by not consulting with Movant before filing his appeal brief and by not raising on appeal issues Movant wanted to raise;[4] and

5. Count Ten of the indictment listed the wrong statutory section and Movant's ninety-four month prison sentence exceeded the maximum sentence – sixty months – for each of Counts Ten and Eleven.

[Doc. 258 at 4-12.]

---

[4]     As an explanation for the late filing of his § 2255 motion, Movant also contended that Lea failed to file the motion after agreeing to do so.  Given Respondent's concession, the timeliness issue is moot.

5

## II.    The 28 U.S.C. § 2255 Standard

To obtain relief under § 2255, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice.  *United States v. Addonizio*, 442 U.S. 178, 185 (1979).  "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a [] § 2255 challenge" unless the movant shows "both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error."  *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004).  "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct."  *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004).  "Actual prejudice"

6

requires a movant to show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997).

## III.   Analysis

The undersigned agrees with the parties that the ninety-four month prison sentence imposed in this case was an unlawful general sentence. "A general sentence is *per se* illegal when it exceeds the maximum allowable sentence on one of the counts for which it is imposed." *United States v. Norris*, 358 Fed. Appx. 60, 60 (11th Cir. Dec. 18, 2009) (citing *United States v. Woodard*, 938 F.2d 1255, 1256 (11th Cir. 1991)). The maximum term of imprisonment for the crime charged in Counts Ten and Eleven of Movant's indictment was sixty months. 18 U.S.C. § 511(a). Because Movant's ninety-four month sentence was undivided and exceeded the maximum punishment for each of Counts Ten and Eleven, the sentence was improper and Movant must be resentenced. *Norris*, 358 Fed. Appx. at 60. And although Movant did not raise the issue on appeal, "if [he] . . . had challenged his sentence on appeal, [the Eleventh Circuit] . . . would have vacated the sentence and remanded for resentencing." *See Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000) (vacating general sentence and remanding for resentencing).

AO 72A
(Rev.8/82)

Resentencing Movant will provide him the relief he seeks in grounds one and five of his § 2255 motion regarding the alleged lack of notice of Respondent's motion for upward departure and the sentence exceeding the maximum punishment for Counts Ten and Eleven of the indictment. Because the parties agree that there were a few errors in the PSR regarding Movant's criminal history, the undersigned recommends that a new PSR, with the corrected history, be prepared for Movant's resentencing. [*See* Doc. 295 at 25-26 (Respondent's concession that the PSR contained incorrect information regarding three purported events in Movant's criminal history).] Doing so will moot Movant's claim in ground 4a of his § 2255 motion that Cognac was ineffective for not objecting to those errors in the PSR.[5]

A.      Movant Procedurally Defaulted Grounds One, Two, Three, and Five

It is undisputed that Movant did not raise grounds one, two, three, and five of his § 2255 motion on direct appeal and, thus, procedurally defaulted them. Movant blames Lea for not consulting with him so those grounds could have been asserted on appeal. Counsel's failure to raise a claim on appeal may constitute cause for a procedural default, but "[n]ot just any deficiency in counsel's performance will do[.] . . . [T]he

_____

[5]      Furthermore, as discussed in Part III.B.1, Movant has not shown that he was prejudiced by the errors in the PSR.

8

assistance must have been so ineffective as to violate the Federal Constitution."

*Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Id.* As explained below, Movant has not shown that Lea rendered ineffective assistance.

### B. Movant Has Not Shown Ineffective Assistance Of Counsel

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable

9

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

### 1. *Movant Has Not Shown That Cognac Was Ineffective*

Movant has not overcome the strong presumption that Cognac's performance was reasonable and has not shown that he was prejudiced by Cognac's alleged failures. Movant's claim that Cognac should have called additional witnesses, particularly an expert witness to testify about the motor vehicles and VINs, is "not favored, because the presentation of testimonial evidence is a matter of trial strategy . . . that will seldom, if ever, serve as grounds to find counsel constitutionally ineffective." *See Miranda v. United States*, 433 Fed. Appx. 866, 869 (11th Cir. July 12, 2011) (citations omitted). Because Respondent announced on the eve of trial that it would not present an expert witness regarding vehicle inspections, it was not unreasonable for Cognac not to present an expert witness. Yet Cognac attempted to do so by contacting two independent experts and moving the Court for a continuance so he could obtain expert witnesses. [Doc. 287 at 112-13.] Those experts declined to testify and the Court

denied a continuance, so Cognac presented testimony from an employee at the garage where Movant worked. [*Id.*] Movant has not shown that Cognac's strategic decisions regarding defense witnesses was unreasonable.

As noted above, Movant's claim that Cognac should have objected to errors in the PSR regarding Movant's criminal history will be moot if the Court agrees with the undersigned that Movant should be resentenced after a new PSR is prepared. Moreover, Movant has not shown that his criminal history category calculated in the PSR would have been different but for the errors, i.e., that he was prejudiced by the errors and Cognac's failure to object to them. Respondent explained in its post-hearing brief how Movant's criminal history category would have been the same absent the errors. [Doc. 295 at 26-27.] Movant has not argued, much less shown, that any of the errors affected his criminal history score as calculated in the PSR. [See Doc. 258 at 10-11; Doc. 297.] Movant states only that Respondent "based their 'upward departure' [motion] on several of these mistakes which led the judge to grant this motion and sentence me to more time." [Doc. 258 at 10.] There is no support in the record, including the transcript of the sentencing hearing, for Movant's assertion that the three errors in the lengthy criminal history portion of the PSR played any role in the Court's determination of Movant's sentence. [*See generally* Doc. 231.]

11

It was reasonable for Cognac not to object to Respondent's motion for upward departure on the basis of notice because the notice requirements were complied with in this case and, in any event, the Court did not depart from the Guidelines sentencing range. "Before the court may depart from the applicable sentencing range on a ground *not identified for departure either in the presentence report or in a party's prehearing submission*, the court must give the parties reasonable notice that it is contemplating such a departure." Fed. R. Crim. P. 32(h) (emphasis added). Respondent's motion identified the grounds on which it sought an upward departure and was filed before the sentencing hearing, thus making it a "prehearing submission" under the Rule. [Doc. 215.] The Court, therefore, was free to depart from the Guidelines range without further notice to Movant. The Court did not depart from the Guidelines range, however. The Court sentenced Movant within the Guidelines range despite Respondent seeking in its motion a prison term two years higher than the upper end of that range. Movant has not shown deficient performance by his counsel or prejudice from the lack of an objection to Respondent's motion for upward departure.

Nor was Cognac deficient for not seeking credit toward Movant's prison sentence for the time Movant spent on home confinement before trial. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has

AO 72A
(Rev.8/82)

spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). A pre-trial detainee's time spent confined to his home is considered release on bail and "does not constitute 'official detention' within the meaning of 18 U.S.C. § 3585(b)." *Rodriguez v. Lamer*, 60 F.3d 745, 748 (11th Cir. 1995) (holding that federal prisoner was "not entitled to sentencing credit" for the time he spent on home confinement). It was objectively reasonable for Cognac not to raise this meritless argument. *See United States v. Nyhuis*, 211 F.3d 1340, 1345-46 (11th Cir. 2000) (counsel was not ineffective for not raising meritless argument for sentence credit).

Finally, Movant has not shown that Cognac failed to convey to Respondent's counsel Movant's purported desire to plead guilty to Count Ten or Eleven of the indictment or that Movant was prejudiced by any such failure. After hearing Movant, Cognac, Lea, and Respondent's trial counsel (who did not represent Respondent in the § 2255 proceedings) testify at the § 2255 hearing, the undersigned concluded that Movant's assertion that he would have pled guilty to either Count Ten or Eleven, each of which carried a maximum five-year prison sentence, was not credible. [Doc. 287 at 134-35.] The evidence supports that finding.

AO 72A
(Rev.8/82)

Movant was concerned with the loss amount that, according to Respondent, applied to the crimes in this case because an amount of $200,000 or more would increase his sentence exposure. [*Id.* at 80-85.] The only plea agreement Respondent offered Movant was based on the higher amount. [*Id.*] Movant would not agree to that amount. [*Id.*] Indeed, almost three years after the trial, in a separate case in which he pled guilty, Movant told the Court at sentencing that the loss amount in this case "was something that we wanted to get changed so I could plead guilty. And it never got changed." Sentencing Hrg., *United States v. White*, No. 3:09-cr-16-JOF (N.D. Ga. Dec. 22, 2010), ECF No. 55 at 25. Movant now contends that even if the loss amount was not lowered to the range he insisted on, he would have pled guilty to Count Ten or Eleven of the indictment because of the five-year maximum sentence for those counts. Movant's current contentions are not credible.

Even if Movant wanted to plead guilty to Count Ten or Eleven and Cognac failed to relay that desire to Respondent, Movant has not shown that he was prejudiced. Respondent's counsel testified that Respondent would not have agreed to a plea to only Count Ten or Eleven or any crime with only a five-year maximum sentence. [Doc. 287 at 54-55, 68-69.] Respondent's counsel testified that given Movant's extensive criminal history and commission of similar crimes for years – including in a case

14

Respondent's counsel prosecuted in the 1990's – Respondent would not have accepted anything less than a plea to count one of the indictment, which carried a fifteen-year maximum sentence. [*Id.* at 66-69.] The Court credits the testimony of Respondent's counsel, Mr. McKinnon. In cases where a criminal defendant alleges that he would have pled guilty but for ineffective assistance of counsel in connection with plea offers that the defendant rejected or were not communicated to him, the defendant must show a reasonable probability that the prosecution would have agreed to the desired plea offer and presented it to the court. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012) (defendant must show, among other things, that rejected plea offer "would have been entered without the prosecution canceling it or the trial court refusing to accept it"); *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012) (defendant must show, among other things, that "the plea offer would have been presented to the court [i.e., the defendant would have accepted it and the prosecution would not have withdrawn it]"). The evidence in this case demonstrates that Respondent would not have agreed to the plea deal that Movant claims he asked Cognac to seek. Movant has shown neither deficient performance by Cognac nor prejudice regarding Movant's desired plea deal.

### 2. *Movant Has Not Shown That Lea Was Ineffective*

Movant has not overcome the strong presumption that Lea's performance was

15

reasonable and has not shown that Lea's failure to raise on appeal the claims Movant asserted in his § 2255 motion was constitutionally deficient performance. The issues Movant contends Lea should have raised lack merit. Movant also has not shown that he was prejudiced by Lea's actions.

Movant's claim regarding notice of Respondent's motion for upward departure, which he defaulted by not raising on direct appeal, lacks merit. As explained above, Respondent's motion was filed before the date of sentencing and the Court's consideration of that motion complied with the Federal Rules of Criminal Procedure. There was no viable argument for lack of notice to raise on appeal.

Movant's defaulted claim that Count One of the indictment – the chop shop offense – was duplicitous of the other counts also lacks merit. "The error of duplicity is present where more than a single crime is charged in one count of an indictment." *United States v. Ramos*, 666 F.2d 469, 473 (11th Cir. 1982); *see also United States v. Seher*, 562 F.3d 1344, 1360 (11th Cir. 2009) ("A count in an indictment is duplicitous if it charges two or more separate and distinct offenses." (quotation marks omitted)). No count of the indictment in this case charged more than one crime, either by the specific allegations or by citation to the criminal statutes. [Doc. 3.] Movant argues only that 18 U.S.C. § 2322, the chop shop statute, "is used to cover violations" of

16

18 U.S.C. §§ 511, 2313, and 2321 and quotes the statutory definition of "chop shop." [Doc. 258 at 5.] To the extent Movant contends that crimes charged under the chop shop statute are the same as crimes charged under the other statutes regarding transport and receipt of stolen vehicles or alteration of VINs, a simple review of the statutes refutes the claim. *See* 18 U.S.C. §§ 511, 2312, 2313, 2321, 2322. Movant has provided no authority to the contrary.

Finally, Movant's defaulted claim that the evidence presented at trial was insufficient to convict him of any of the eleven counts of the indictment lacks merit. As an initial matter, it was not unreasonable for Lea to decide not to raise an insufficiency claim on appeal because the claim was not preserved in this Court, thus making it very difficult to prevail on the claim on appeal. *See Diaz v. Sec'y for Dep't of Corr.*, 402 F.3d 1136, 1144-45 (11th Cir. 2005) (appellate counsel not ineffective for not raising claim not preserved in trial court). While Lea's decision not to raise the claim procedurally defaulted it, a reasonably competent lawyer could have concluded that the stronger claim was that Cognac was ineffective for not raising the claim in the trial court, which is a claim that must be presented on collateral review. But Movant's claim of insufficient evidence was a weak one that would not have prevailed in this case.

AO 72A
(Rev.8/82)

In reviewing a sufficiency of the evidence claim, courts view the evidence in the light most favorable to the government and draw all reasonable inferences in favor of the jury's verdict. *United States v. Langford*, 647 F.3d 1309, 1319 (11th Cir. 2011). A verdict will not be disturbed unless "no reasonable trier of fact could find guilt beyond a reasonable doubt." *Id.* Respondent presented twenty-two witnesses at trial, including several who dealt with Movant and his business regarding the vehicles listed in the indictment that were stolen and sold with salvaged VINs from other vehicles. Witnesses whom Movant sought for help in his chop shop operation also testified, and Respondent presented documentary and photographic evidence of the operation and the vehicles at issue. The jury also heard the incriminating statements Movant gave to law enforcement. A reasonable juror could have found Movant guilty of all counts beyond a reasonable doubt.

As part of his claim of insufficient evidence, Movant contends that the statutes regarding the chop shop and vehicle offenses do not apply to someone who merely aided or abetted the prohibited conduct. [Doc. 258 at 8-9.] "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). The indictment charged Movant with violating § 2, i.e., with aiding and abetting that which

18

he may not have done alone. [Doc. 3.] Thus, the jury was entitled to find Movant guilty as an accomplice of any of the substantive crimes charged in the indictment, with the resulting conviction being the same as if he was the sole principal. Movant has not shown that his counsel's failure to raise a sufficiency of the evidence claim at trial or on appeal violated his constitutional right to effective assistance.[6]

In sum, Movant has not satisfied his "heavy" burden of overcoming the "strong presumption" that it was objectively reasonable for Lea not to raise the now defaulted claims in Movant's § 2255 motion. *See Chandler*, 218 F.3d at 1314. Movant's claim of ineffective assistance of appellate counsel therefore fails. He is not entitled to relief under § 2255 on that claim, and it cannot serve as a basis to excuse his procedural default of his other claims. *See supra* Part III.A.

## IV. Certificate of Appealability ("COA")

A § 2255 movant may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing

---

[6] Movant argues in his post-hearing brief that Cognac should have raised the claim because he told the jury in his opening statement that there was no evidence of Movant's guilt. [Doc. 297 at 9-10.] Cognac's statements to the jury do not bind him to asserting certain claims or control the analysis of those claims.

§ 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v . McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted in this case. The resolution of the grounds for relief in Movant's § 2255 motion is not reasonably debatable among jurists of reason. As Movant has not made a substantial showing of the denial of a constitutional right regarding his grounds for relief that the undersigned has found lack merit, the Court should not issue a COA.

## V.    Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence, [Doc. 258], be **GRANTED** as to Movant's claim that his general sentence was unlawful, that Movant's sentence be **VACATED**, and that Movant be

AO 72A
(Rev.8/82)

resentenced after a new pre-sentence report is prepared. **IT IS FURTHER RECOMMENDED** that Movant's § 2255 motion be **DENIED** in all other respects and that Movant be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO ORDERED and RECOMMENDED**, this 4th day of January, 2013.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)