IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| MICHAEL WHITE, | ) | MOTION TO VACATE |
| | ) | 28 U.S.C. § 2255 |
| Movant, | ) | |
| | ) | CRIMINAL ACTION FILE |
| v. | ) | NUMBER 3:06-CR-3-TCB-AJB-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION FILE |
| | ) | NUMBER 3:11-CV-59-TCB-AJB |
| Respondent. | ) | |

## **O R D E R**

In 2008, Movant Michael White was convicted in this Court of transporting and receiving in interstate commerce stolen motor vehicles, altering vehicle identification numbers, and operating a chop shop that processed the stolen vehicles for resale. The Court sentenced White to ninety-four months of imprisonment, and his convictions and sentence were affirmed on appeal.[1] *United States v. White*, 349 F. App'x 381 (11th Cir. 2009).

---

[1] Former Judge Jack T. Camp presided over the trial and sentencing.

In 2011, White, *pro se*, filed a motion to vacate his sentence under 28 U.S.C. § 2255 [258]. White asserted several grounds for relief, including that his trial counsel, Paul M. Cognac, and appellate counsel, W. Charles Lea, rendered constitutionally ineffective assistance. Magistrate Judge Baverman appointed counsel for White and conducted an evidentiary hearing [287] (transcript of hearing). After receiving post-hearing briefs, Judge Baverman issued a Report and Recommendation ("R&R") that recommends granting White's § 2255 motion as to his claim that he received an unlawful general sentence, a claim that the Government conceded [298]. Specifically, Judge Baverman recommends that White's sentence be vacated and he be resentenced after a new presentence investigation report is prepared, but that his § 2255 motion be denied as to all other claims. White filed objections to the R&R [300].

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however, depending on

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.

2

whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557

---

1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful, de novo review of the R&R and White's objections thereto, as well as the evidence presented in the § 2255 proceedings. Having done so, the Court finds that Magistrate Judge Baverman's factual and legal conclusions were correct and that White's objections have no merit.

White objects to two conclusions in the R&R regarding his claim of ineffective counsel. First, White contends that the magistrate judge erred in finding that White did not show that Cognac was ineffective based on Cognac's not presenting an expert witness or certain lay witnesses at trial. Second, White objects to the R&R's conclusion that Cognac's not telling the

4

Government that White wanted to plead guilty to counts ten or eleven of the indictment did not show that Cognac was ineffective.

As to White's first objection, the Court agrees with the R&R that White has not overcome the strong presumption that he was not prejudiced by Cognac's alleged failures. As explained in the R&R, the presentation of testimonial evidence is a "matter of trial strategy . . . that will seldom, if ever, serve as grounds to find counsel constitutionally ineffective." *See Miranda v. United States*, 433 F. App'x 866, 869 (11th Cir. July 12, 2011) (citations omitted). White nevertheless argues that Cognac admitted that he failed to secure independent expert witnesses. But as the R&R points out, the Government announced on the eve of trial that it would not present an expert witness regarding vehicle inspections. Thus, it was not unreasonable for Cognac not to present an expert witness. This is especially true in light of the fact that Cognac tried to present two expert witnesses at trial but those people declined to testify, and the Court denied a continuance to search for others.

White also contends that Cognac failed to tender defense witnesses to testify on his behalf, such as former co-workers and family friends, who "could have provided an accurate depiction of Mr. White's business," thus

rebutting the Government's evidence that White was involved in the alleged fraudulent activities. However, White has cited no authority showing that Cognac's strategic decision not to call such rebuttable witnesses was unreasonable.

Turning to White's second objection, the Court finds no error in the R&R's conclusion that White has not shown that Cognac failed to convey to the Government White's desire to plead guilty, or that White was prejudiced by any such failure. White takes issue with Judge Baverman's finding that White's assertion that he wanted to plead guilty was not credible. The Court has reviewed the transcript of the evidentiary hearing Judge Baverman conducted and, after a de novo review, finds no merit in White's objections. The evidence, including White's testimony at the § 2255 hearing, amply supports Judge Baverman's finding that White's assertion that he would have pled guilty was not credible.

Even assuming White would have pled guilty, he still has not shown that Cognac was ineffective for not presenting the plea deal to the Government. The evidence is virtually undisputed that the Government would not have agreed to a deal in which White pled guilty to only count ten or eleven of the indictment and thus faced a maximum of only five years in

prison.³ The Assistant U.S. Attorney who prosecuted this case testified at the § 2255 hearing that the Government would not have accepted such a deal for various reasons, including the strength of the evidence against White and his long criminal history that the Government believed justified a long prison sentence in this case. The Government's attempts to obtain an upward departure at sentencing corroborate that evidence.

Thus, White has not shown that his counsel was constitutionally ineffective. The Court has reviewed the remainder of the R&R, to which no objections were filed, and finds no clear error.

---

³ In his objections, White suggests, by referencing a small portion of his testimony at the § 2255 hearing, that he expressed to Cognac a general, unqualified desire to plead guilty [*See* 300 at 3-4]. However, neither his § 2255 motion nor his testimony at the hearing supports such an argument. In his § 2255 motion, White specifically stated that he told Cognac only that he wanted to plead guilty to count ten or eleven, the least serious charges in the indictment [258 at 11]. At the § 2255 hearing, White attempted to expand his claim by testifying that he told Cognac that he would plead guilty to either count ten or eleven *or* to count one, the most serious charge, *if* the Government agreed to a lower loss amount than what it proposed in the plea deal that he rejected (the Government's proposal required him to plead guilty to count one with a loss amount of more than $200,000) [287 at 81-85]. White cannot show that he was prejudiced by Cognac's failure to convey to the Government his alleged desire to plead guilty to count one for two reasons. First, the inconsistency in White's argument between his brief and his testimony at the hearing undermines his credibility. Second and more importantly, the prosecutor testified that the Government would not have agreed to a plea deal on any count other than count one and suggested that it would not have agreed to a plea to count one with a lower loss amount [287 at 51-56, 68-69]. Thus, even if the Court considers White's argument regarding pleading to count one, he still fails to show that Cognac was ineffective.

Accordingly, the Court **OVERRULES** White's objections [300] and **ADOPTS** the R&R [298] as the opinion of the Court. White's § 2255 motion [258] is **GRANTED** as to his claim that he received an unlawful general sentence and is **DENIED** as to all other claims. White is **DENIED** a certificate of appealability. Civil action number 3:11-cv-59-TCB-AJB is **DISMISSED**.

The Court **VACATES** White's sentence because it was an unlawful general sentence. The Court **DIRECTS** the U.S. Probation Office to prepare a new presentence investigation report for White within sixty days of the date this Order is entered. The Court **ORDERS** that the parties appear for a hearing to resentence White on May 8, 2013 at 9:30 a.m. and file any objections to the presentence investigation report in accordance with applicable law.

IT IS SO ORDERED this 8th day of February, 2013.

_____
Timothy C. Batten, Sr.
United States District Judge